BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE PROFESSIONAL BASKETBALL )
ANTITRUST LITIGATION           )          DOCKET NO. 102

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

James McDaniels and the Seattle Supersonics of the National Basketball Association (NBA), plaintiffs in two actions filed in the Western District of Washington, have moved the Panel to transfer eight cases for coordinated or consolidated pretrial proceedings. Five of these cases involve the professional basketball contractual arrangements of McDaniels, who formerly played for the Carolina Cougars of the American Basketball Association (ABA), and now plays for the Seattle Supersonics in the NBA. The other three cases are antitrust actions filed by the ABA against the NBA. On the basis of the papers filed and the arguments presented at the hearing, we find that transfer of these actions is premature at this time and, therefore, deny the motion without prejudice to the right of the parties to seek transfer at a later time or of the Panel to consider transfer at a later time on its own initiative.[1]

---

\*   Although Judges Wisdom and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.
1/   At the hearing the Panel requested all counsel to inform the Clerk of the Panel of any existing or future litigation involving professional basketball not included in this motion.

-2-

In February 1972 McDaniels allegedly repudiated his contract to play for the Carolina Cougars (Carolina) of the ABA and signed a contract and began playing for the Seattle Supersonics (Seattle) of the NBA. Carolina filed an action in a North Carolina state court seeking injunctive relief restraining McDaniels from playing for any team other than Carolina. This action was subsequently removed to the Middle District of North Carolina and assigned to Judge Eugene A. Gordon.[2] Carolina also filed a tort action in the Central District of California against McDaniels' agent, Al Ross, and his company, All-Pro Management, for alleged interference in the contractual relationship between Carolina and McDaniels.

Shortly after the filing of the Carolina lawsuit against McDaniels, McDaniels and Seattle filed an action in state court in Washington seeking a rescission of McDaniels' prior contractual obligations with Carolina and other relief that would allow him to play for Seattle. This action was removed to the Western District of Washington and consolidated with another action filed by McDaniels and Seattle in that district against Carolina and the ABA, alleging violations of the federal antitrust laws and seeking the same relief as that sought in the Washington state court action. Subsequent to the filing of the motion with the Panel, both of the actions pending in the Western District of Washington were dismissed on grounds of lack of venue and personal jurisdiction.

---

[2] Judge Gordon has set a July 5, 1972, cutoff date for discovery regarding plaintiff's motion for a preliminary injunction and has tentatively set that motion for hearing in the latter part of July.

The National Collegiate Athletic Association (NCAA) has filed an action against McDaniels, Carolina and the ABA in the Western District of Kentucky alleging that the signing of the contract with Carolina by McDaniels violated NCAA rules for eligibility. The NCAA asserts a common law claim in tort for fraudulent misrepresentations arising under the substantive law of Kentucky.

In the three antitrust suits brought by the ABA against the NBA, one in the Northern District of Georgia and two in the Northern District of California, very little, if any, discovery has been undertaken. It appears that both parties are awaiting Congressional action on the proposed merger of the two leagues before proceeding.

We do not believe that transfer of any of the actions in this litigation is appropriate at this time. Movants have not convinced us of the existence of questions of fact common to these cases. Nor does it appear that the parties or witnesses will be inconvenienced or that the just and efficient conduct of the actions will suffer in the absence of transfer under Section 1407 at this time. 28 U.S.C. §1407(a). We wish to make clear, however, that this denial of transfer without prejudice to later applications is not intended to act as a stay of proceedings in the district courts and we encourage the parties to proceed with the pretrial preparation of the civil actions involved.

IT IS THEREFORE ORDERED that transfer of the actions listed on the attached Schedule A pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED, without prejudice to the

-4-

right of any party to move for transfer at a later time or of the Panel to consider transfer at a later time on its own initiative.

SCHEDULE A

DOCKET NO. 102

### CENTRAL DISTRICT OF CALIFORNIA

The Carolina Cougars, et al. v. All-Pro Management, Inc., et al.

Civil Action
No. 72-345-IH

### MIDDLE DISTRICT OF NORTH CAROLINA

The Munchak Corporation, etc. v. James R. McDaniels

Civil Action
No. C-51-G-72

### NORTHERN DISTRICT OF GEORGIA

The Munchak Corporation, etc. v. The National Basketball Association, et al.

Civil Action
No. 16269

### NORTHERN DISTRICT OF CALIFORNIA

American Basketball Association, et al. v. National Basketball Association, et al.

Civil Action
No. 51055

American Basketball Association v. National Basketball Association, et al.

Civil Action
No. C-72-509-SC

### WESTERN DISTRICT OF KENTUCKY

All Members of the National Collegiate Athletic Association v. All Members of the American Basketball Association, et al.

Civil Action
No. 7225-A